UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

For Online Publication Only

---------------------------------------------------------------------X

PHH MORTGAGE CORPORATION,

Plaintiff,

-against-

**ORDER**
25-cv-5878 (JMA)(AYS)

KERRY SCHILLER.

Defendant.

---------------------------------------------------------------------X

**AZRACK, United States District Judge:**

The instant action was brought to foreclose on a mortgage encumbering the property at 15 Princeton St., Williston Park, NY 11596-1326. (See ECF No. 1.) Before the Court is the motion of plaintiff PHH Mortgage Corporation (the "Plaintiff") for Default Judgment of Foreclosure and Sale against defendant Kerry Schiller pursuant to Federal Rule of Civil Procedure 55.[1] For the reasons stated herein, Plaintiff's motion is GRANTED. The Court will enter the requested Judgment of Foreclosure and Sale, as amended by the Court.

## I. DISCUSSION

### A. Defendant Defaulted

Defendant was properly served in the action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

### B. Liability

When a defendant defaults, the Court is required to accept all the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v.

[1] Plaintiff did not identify or serve any John Doe defendants and has requested that the Caption be amended accordingly. (See ECF No. 20-3 at 10.) That request is granted. The Court dismisses John Does #1–12 and strikes those John Does from the caption. The Clerk of the Court is respectfully directed to amend the caption accordingly.

Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Under New York law, "a plaintiff in an action to foreclose a mortgage [must] demonstrate: 'the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant's default in payment.'" Gustavia Home, LLC v. Bent, 321 F. Supp. 3d 409, 414 (E.D.N.Y. 2018) (citing Campaign v. Barba, 805 N.Y.S.2d 86 (N.Y. App. Div. 2d Dep't 2005)). Here, Plaintiff appended to the Complaint copies of the relevant mortgage documents, including the mortgage note, the assignment of that mortgage to Plaintiff, and loan modification agreements, as well as the default and 90-day notices sent to Defendant. (ECF No. 1, see also ECF No. 18-5.) This documentary evidence, together with the allegations in the Complaint, is sufficient to establish the Defendant's liability. Thus, Plaintiff has established its right to foreclose upon the Subject Property and a judgment of foreclosure and sale will be entered appointing Plaintiff's recommended referee, Melissa D. Mohan, Esq., as Referee to effectuate the sale of the Subject Property. Public notices of the sale shall be given in both Southbay's Neighbor Newspaper and Newsday.

**C. Damages**

Plaintiff maintains that Defendant owes $776,301.94 on the Note and Mortgage, along with attorney's fees and additional per diem interest through the date of the judgment.

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)). The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty." Credit Lyonnais Sec.,

Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). "A hearing is unnecessary where the record contains a detailed affidavit and documentary evidence permitting the Court to evaluate the proposed sum and determine an award of damages." Sec'y of U.S. Dep't of Hous. & Urb. Dev. v. Richmond Cnty. Pub. Adm'r, 768 F. Supp. 3d 488, 497 (E.D.N.Y. 2025)

Plaintiff maintains that the amount Defendant owes on the Note and Mortgage is $776,301.94, consisting of: (i) $429,932.76 of Unpaid Principal Balance; (ii) $307.825.66 of Deferred Principal Balance; (iii) $17,310.87 in interest from February 1, 2025 to March 11, 2026; (iv) $137.72 in late charges; (v) $20,679.93 for the Escrow Balance: and (vi) $415 in additional costs. Plaintiff also seeks per diem interest of $42.70 from March 12, 2025 through the date of judgment and $6,800 in attorney's fees. The Court finds that Plaintiff's submissions, including the Affirmation of Indebtedness from Claribel Lopez, (ECF No. 18-5), together with the exhibits annexed to the Complaint and attached to the motion for default judgment, establish the requested damages to a reasonable certainty. Accordingly, Plaintiff is awarded a total of $783,101.94 plus per diem interest of $42.70 through the date of judgment. The Court also additionally awards Plaintiff $920 in costs, as sought in Plaintiff's Bill of Costs.

For the reasons stated above, Plaintiff's motion for a Default Judgment of Foreclosure and Sale against the Defendants is GRANTED. Plaintiff appoints Melissa Mohan, Esq., as Referee. In conjunction with this Order, the Court is entering a Judgment of Foreclosure and Sale.

**SO ORDERED.**

Dated: October 30, 2026
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE